Ahren A. Tiller Esq. [SBN: 250608]
Brett F. Bodie, Esq. [SBN: 264452]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
CYNDIE FAIRCHILD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CYNDIE FAIRCHILD

        Plaintiff,

vs.

AMERICAN EXPRESS NATIONAL BANK

        Defendant,

Case No.: '23CV1709 L    AHG

**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. CYNDIE FAIRCHILD (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against AMERICAN EXPRESS NATIONAL BANK (hereinafter referred to as "AMEX" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. Code. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1788.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an

---

[1] CA Civil Code §§ 1788.1(a)-(b)

invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

5. As the Ninth Circuit stated in *Henderson v. United Student Aid Funds, Inc.*:

> Under the TCPA, it is unlawful to "to make any call (other than . . . with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Telemarketers, debt collectors, and others obtain phone numbers consumers did not consent to be called on through skip tracing. Because consumers did not provide … "prior express consent" to be called on those numbers. Therefore, if the numbers were also auto dialed, the calls violated the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).
>
> *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071-72 (9th Cir. 2019).

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred

*Fairchild v. American Express National Bank  - Complaint for Damages*

and are occurring in the County of San Diego, California.  Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. Defendant AMEX is a National Banking Association.  Plaintiff alleges that AMEX is, and at all times mentioned herein was, chartered as a national bank, with its primary business address in New York, NY, and doing business throughout the country, including this District.

15. Defendant AMEX regularly attempts to collect using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

16. When individuals owe Defendant AMEX debts for regular monthly payments on consumer credit cards, and other similar obligations, Defendant AMEX collects on those consumer debts owed to it through the mail, electronic communications, and via the telephone.  Therefore, Defendant AMEX is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. Defendant is, and at all times mentioned herein, was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

18. When individuals owe AMEX debts for regular monthly payments on consumer loans, and other similar obligations, AMEX collects on those consumer debts

owed to it using mail, electronic communications, and via the telephone. Therefore, AMEX is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Cal. Civ. Code § 1788.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

20. At all times relevant hereto, Defendant used, controlled, and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant is, and at all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

22. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**GENERAL ALLEGATIONS**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Prior to 2021, Defendant issued Plaintiff an unsecured consumer credit card ("Amex Card"). The Amex Card was taken out for, and used for, personal and household expenses.

25. Plaintiff made payments toward her Amex Card when she took it out and continued making regular monthly payments and maintained good standing on

her Amex Card until approximately March of 2023, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

26. Upon going into default on her Amex Card, agents for AMEX called Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often as many as twice per day, sometimes every day.

27. The collection calls were made to Plaintiff's cellular telephone.

28. Plaintiff sought out and retained an attorney to represent her with regards to the Card allegedly owed to AMEX.

29. On May 12, 2023, an associate attorney at BLC Law Center, APC., drafted and submitted for mailing a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that AMEX needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). The Letter referenced the last four digits of Plaintiff's social security number next to her name to help AMEX identify the Plaintiff's account.

30. The Letter informed AMEX that Plaintiff was represented by Counsel and thus constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

31. The May 12, 2023, Letter was sent via Docsmit. Docsmit is a third-party company with no relation to Plaintiff or her Counsel. Docsmit's sole business is the sending of mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

32. Docsmit sent the May 12, 2023, Letter to:

   > American Express
   > P.O. Box 981535
   > El Paso, TX 79998-1535

33. The May 12, 2023, Letter was submitted by Plaintiff's Counsel to Docsmit on May 12, 2023, at 7:57 PM EST.

34. Docsmit's certificate of mailing reflects that Docsmit sent the Letter via USPS First Class mail on May 13, 2023 at 12:00 AM EST. Included with the certification of mailing, Docsmit stated:

    *"The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records."*

35. The address the May 12, 2023, Letter was sent to is the address for correspondences for Card accounts identified on AMEX's website.

36. AMEX received the May 12, 2023, Letter.

37. However, despite receipt of the May 12, 2023, Letter referenced above which states that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debts, representatives of AMEX have continued to call Plaintiff more than one hundred twenty-five (125) times since May 13, 2023, on her cellular telephone via the use of and ATDS and/or Pre-Recorded Voice messages.

38. Defendant AMEX called Plaintiff from numbers identified on Caller ID as (866) 556-5831, (888) 819-2135, (866) 300-1182, among others.

39. Plaintiff alleges that AMEX called Plaintiff in excess of one hundred twenty-five (125) times total, more than 2-3 times in a single day, and often more than seven (7) times per week, based on her recollection of the frequency of calls, as well as the records of calls that she has in her possession.

40. AMEX, or its agents or representatives, have contacted Plaintiff on her cellular telephone over one hundred twenty-five (125) times since May 13, 2023,

including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

41. On a number of occasions, Plaintiff answered the phone and spoke to agents who stated they were calling regarding her outstanding Amex Card.

42. Additionally, sometimes Plaintiff answered calls from Defendant and there was a delay before the line made a sound, indicative of the use of an ATDS.

43. Furthermore, on a number of occasions, Plaintiff received calls from AMEX and when she answered there was no one present on the line, indicative of the use of an ATDS.

44. Sometimes, when Plaintiff did not answer a call from AMEX, Plaintiff then received multiple calls in rapid succession from AMEX, indicative of the use of an ATDS.

45. Plaintiff recalls answering some of the calls from AMEX and after a brief period of no response, an automated voice came on the line and began delivering what seemed to be a scripted message. On those occasions, Plaintiff terminated the call.

46. Thus, some of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

47. The multiple calls made by Defendant or its agents after May 13, 2023, were therefore made in violation of 47 U.S.C. § 227(b)(1).

48. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant AMEX continues to contact Plaintiff repeatedly to date.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations of California Rosenthal Fair Debt Collection Practices Act

### (California Civil Code § 1788.14(c))

49. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

50. When Plaintiff's Counsel sent the May 12, 2023, cease-and-desist Letter to AMEX, Defendant AMEX was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

51. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.  This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

52. By calling Plaintiff on her cellular phone over one hundred twenty-five (125) times after receipt of the May 12, 2023, Letter from Plaintiff's Counsel, AMEX violated Cal. Civ. Code §1788.14(c).

53. As a result of the constant collection calls by AMEX, Plaintiff has experienced anxiety and irritability, as the constant and harassing collection calls by AMEX are overwhelming.  Therefore, Plaintiff has suffered actual damages as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

54. Further, as stated previously, Cal. Civ. Code § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual

1  violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

2  55. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

56. The Consumer Financial Protection Bureau's Regulation F, which provides a ruling on § 1692(d) states the following:

> …a debt collector is presumed to violate this prohibition if the debt collector places telephone calls to a person in connection with the collection of a particular debt more than seven times within a seven-day period…

57. Therefore, Defendant's acts of calling Plaintiff over one hundred twenty-five (125) times, multiple times per day, often in excess of seven (7) times per week, was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. Code § 1788.17.

## II.
## SECOND CAUSE OF ACTION
### Negligent and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 *et. seq.*)

58. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

59. Through the May 12, 2023, Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for AMEX or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

60. The foregoing acts and omissions of AMEX constitutes numerous and multiple negligent and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

61. As a result of AMEX's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. As a result of AMEX's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of AMEX's over one hundred twenty-five (125) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

63. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant AMERICAN EXPRESS NATIONAL BANK herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1); and $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. For such other and further relief as the Court may deem just and proper.

| | | | |
|---|---|---|---|
| 3 | Dated: September 14, 2023, | By: | BLC Law Center, APC |
| 4 | | | *s/ Ahren A. Tiller* |
| 5 | | | Email: ahren.tiller@blc-sd.com |
| 6 | | | Ahren A. Tiller, Esq. |
| | | | Attorney for Plaintiff |

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: September 14, 2023,            By:    BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff